IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM ANDREW TYLER III,

           Plaintiff,

vs.                                     Case No. 20-3242-SAC

DAN SCHNURR, et al.,

           Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights in relation to incarceration at the Hutchinson Correctional Facility (HCF). He brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff's complaint names the following defendants: Dan Schnurr, the Warden at HCF; Major Van Hoos, a correctional officer; Lt. Stiggins, a correctional officer; "three unknown black suits" who are correctional officers; and unit team manager Bell.

The complaint has three counts. Count One alleges that defendant Schnurr, as warden, has violated plaintiff's constitutional rights by confining plaintiff in "More Restricted Area" cells where the conditions of confinement violated the Eighth Amendment and the Fourteenth Amendment. Plaintiff alleges that the cells are too small – 40 square feet; that there is

3

insufficient natural light; and that the toilet is "disconnected." Plaintiff alleges that he has been confined in such conditions for nearly two years.  Plaintiff claims that "MRA status" is assigned and administered by a Segregation Review Board which includes defendants Van Hoos, Stiggins and Bell and that the Board determines who is kept on MRA status in unconstitutional conditions.

In Count Two plaintiff asserts that on August 13, 2019 "three unknown blacksuits" used excessive force against plaintiff and caused serious injury after plaintiff refused to be moved from a regular administrative segregation cell.

Finally, in Count Three plaintiff alleges that each defendant has prevented plaintiff from receiving adequate mental health care by placing plaintiff on MRA status.  As a consequence of this placement, plaintiff was forbidden from attending a behavioral therapy group and other mental health programs, and from using mental health aids.  Plaintiff alleges that as a consequence of his confinement on MRA status his mental health has deteriorated.

III. Martinez report

The court finds that the proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials at HCF.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the court orders the appropriate officials of

4

HCF to prepare and file a Martinez report.  Once the report has been received, the court can properly screen plaintiff's claim under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that:

(1) The Clerk of the Court shall serve each named defendant under the e-service pilot program in effect with the Kansas Department of Corrections (KDOC).

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have sixty (60) days to prepare a Martinez report.  Upon the filing of that report, the AG/Defendants shall have an additional sixty (60) days to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operations of HCF are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Curt or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the court and served on

plaintiff.  The KDOC must seek leave of the court if it wishes to file certain exhibits or portions of the report under seal or without service on plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including plaintiff.

(6) No answer or motion addressed to the complaint shall be filed until the Martinez report required herein has been prepared.

(7) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to plaintiff, to defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

Dated this 30th day of December 2020, at Topeka, Kansas.

                              s/Sam A. Crow_____
                              U.S. District Senior Judge